# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONAS DAHLGREN; AND STUART FARBER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>JP MORGAN CHASE & CO.,<br><br>Defendant. | CASE NO. 12cv2367-GPC(BGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE AS MOOT**<br><br>[Dkt. Nos. 17, 18.] |

On September 27, 2012, Plaintiffs Jonas Dahlgren and Stuart Farber filed a purported class action against Defendant JP Morgan Chase & Co. ("Chase") alleging violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") and California Business and Professions Code section 17200. (Dkt. No. 1.) On January 23, 2013, Plaintiffs filed a first amended complaint ("FAC"). (Dkt. No. 14.) On February 8, 2013, Defendant filed a motion to dismiss and a motion to strike amended complaint. (Dkt. Nos. 17, 18.) Plaintiffs filed oppositions on March 29, 2013. (Dkt. Nos. 21, 22.) Replies were filed by Defendant on April 12, 2013. (Dkt. Nos. 23, 24.) The motions are submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). After a review of the briefs, supporting documentation, and applicable

law, the Court GRANTS Defendant's motion to dismiss and DENIES Defendant's motion to strike as MOOT.

## Background

According to the FAC, Plaintiff Dahlgren, in November 2005, refinanced his residence located at 11408 Via Rancho San Diego, El Cajon, CA 92019 ("Dahlgren Property") with Chase. (FAC ¶ 19.) Dahlgren fell behind in the payments allegedly owed on the alleged debt. (Id. ¶ 20.) In August 2010, Dahlgren sold the property through a "short sale" with Defendant receiving about $164,796.00. (Id. ¶ 21.) In selling the property through the short sale, Dahlgren signed a short sale approval letter containing language that attempted to hold Dahlgren responsible for the deficiency balances remaining on the loan which waived the protections under California Civil Procedure Code section 580b ("section 580b"). (Id. ¶ 22.) The letter stated, "[t]he amount paid to Chase is for the release of Chase's security interest(s) only, and the Borrower is responsible for all deficiency balances remaining on the Loan, per the terms of the original loan documents." (Id.) Plaintiff Dahlgren alleges there was no deficiency obligation as the loan was a standard purchase money debt secured by his home, and therefore, he is protected under section 580b. (Id. ¶ 23.)

Chase continued collection efforts on the purported deficiency balance alleging that Dahlgren is not protected by section 580b. (Id. ¶ 24.) Defendant claims Dahlgren is indebted in the amount of about $99,281.00. (Id.) Despite Dahlgren's repeated requests to review the validity of the purported debt, Chase has made various reports to credit agencies that he is delinquent on this debt. (Id. ¶ 25.)

In August 2007, Farber allegedly incurred financial obligations in the amount of $1,559,200.00 to Chase in the form of a construction loan for 8129 Willow Glen Road, Los Angeles, CA 90046 ("Farber Property"). (Id. ¶ 27.) The terms of the loan explicitly stated that the "[b]orrower [Mr. Farber] has requested and been approved for a home loan…to purchase the real property securing the loan…and construct a residence on the Farber Property." (Id. ¶ 28.) Farber used this loan in the precise

manner anticipated by the parties by leveling the home previously built on the Farber Property and constructing an entirely new residence on the property. (Id.) Farber allegedly fell behind in the payments allegedly owed on the alleged debt. (Id. ¶ 29.)

In September 2010, Farber sold the Property by way of a "short sale" with Defendant receiving approximately $1,139,345.00. (Id. ¶ 30.) In selling the Farber Property through a short sale in September 2010, he signed a short sale approval letter containing language that attempted to hold him responsible for all deficiency balances remaining on the loan which waived the protections allotted under section 580b. (Id. ¶ 31.) Specifically, Defendant's short sale approval letter stated, "[t]he amount paid to Chase is for the release of Chase's security interest(s) only, and the Borrower is responsible for all deficiency balances remaining on the Loan, per the terms of the original loan documents." (Id.) According to Farber, his loan was a standard purchase money debt secured by his home and under section 580b, there was never any deficiency obligation remaining on the loan. (Id. ¶ 32.)

Defendant continued collection efforts on the alleged deficiency balance alleging that Farber is not protected by section 580b. (Id. ¶ 33.) Chase contends that Farber is indebted in the amount of about $419,855.00. (Id.) Despite Farber's repeated requests to review the validity of the purported debt, Defendant has made various reports to credit agencies that he is delinquent on this debt. (Id. ¶ 36.)

**A.   Legal Standard on Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a Court may consider exhibits attached to the complaint, matters subject to judicial notice, or documents necessarily relied on by the complaint whose authenticity no party questions. See Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007); Lee v. City of Los Angeles, 250 F.3d 668, 688–689 (9th Cir. 2001); United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment.").

In the motion, Defendant argues that it was not barred from attempting to collect on Plaintiffs' outstanding loan balances because: 1) section 580b does not apply to short sales; 2) section 580b does not apply to Dahlgren's loan as it was refinanced; section 580b only applies to owner occupied property, which Farber failed to plead; 3) the Rosenthal Act does not apply; 4) California's anti-deficiency laws preclude

deficiency judgment in specific cases, but do not extinguish the outstanding loan balances; and 5) Rosenthal Act and 17200 claims are either preempted, baseless, or barred by California's litigation privilege. Plaintiffs oppose.

**1. Short Sales**

California Code of Civil Procedure 580b, that was in effect at the time of the relevant time period, provides:

> No deficiency judgment shall lie in any event after a sale of real property or an estate for years therein for failure of the purchaser to complete his or her contract of sale, or under a deed of trust or mortgage given to the vendor to secure payment of the balance of the purchase price of that real property or estate for years therein, or under a deed of trust or mortgage on a dwelling for not more than four families given to a lender to secure repayment of a loan which was in fact used to pay all or part of the purchase price of that dwelling occupied, entirely or in part, by the purchaser.

Cal. Code Civ. P. 580b (2010).

Section 580b was drafted to protect purchasers under the standard purchase money mortgage transactions in which the vendor of real property retains an interest in the land sold to secure payment of part of the purchase price. Spangler v. Memel, 7 Cal.3d 603, 610 (1972). "Section 580b places the risk of inadequate security on the purchase money mortgagee. A vendor is thus discouraged from overvaluing the security. Precarious land promotion schemes are discouraged, for the security value of the land gives purchasers a clue as to its true market value. . . . If inadequacy of the security results, not from overvaluing, but from a decline in property values during a general or local depression, section 580b prevents the aggravation of the downturn that would result if defaulting purchasers were burdened with large personal liability. Section 580b thus serves as a stabilizing factor in land sales." Roseleaf Corp. v. Chierighino, 59 Cal.2d 35, 42 (1963).

Defendant contends that section 580b does not apply to short sales as the section applies to foreclosures and argue that Plaintiffs ignore the plain language of section 580b. It argues that a short sale does not result in the sale under the deed of trust but instead a release of the deed of trust. As support, Defendant cites to a minute order

from a San Diego Superior Court case. (Dkt. No. 17-3, D's RJN, Ex. F.) There the Superior Court granted Chase's motion to dismiss because a short sale is not a "foreclosure exercised under the power of sale" and so section 580b did not prohibit a deficiency judgment in that case. Id. Therefore, Chase contends that section 580b does not prevent it from seeking to recover the remaining balance owed to it.

In opposition, Plaintiffs cite to Rex v. Chase Home Fin., LLC, SACV 12-0609 DOC(RNBx), 2012WL 5866209, *55 (C.D. Cal. Nov. 19, 2002) where the district court addressing an issue of first impression and the same issue in this case, looked at whether section 580b applies to bar Defendants, mortgage lenders from collecting a deficiency where Plaintiffs have sold their home after defaulting on their mortgage and with the consent of Defendants in a short sale. Id. at 1118-19. Similar to the facts in this case, plaintiffs, who were borrowers, sold their home for an amount insufficient to pay off their mortgage in a 'short sale' and avoided other options like foreclosure. Id. at 1119. After the short sale, Defendants did not release Plaintiffs but rather sought to collect the deficiency and reported plaintiffs' failure to pay it to credit reporting agencies. Id. After conducting an analysis of the text, legislative history and purpose of section 580b, the district court in Rex held that section 580b applies to short sales. Id. at 1137-40. It stated that section 580b applies regardless of the mode of sale. Id. at 1138.

Based on detailed and thorough reasoning and analysis in Rex, and absent Ninth Circuit authority, the Court also agrees that section 580b applies to short sales. Therefore, Defendant's argument that section 580b does not apply to short sales is without merit.

**2. Dahlgren's Refinance of Purchase Money Mortgage**

Chase contends that Dahlgren's refinance of the purchase money mortgage, which paid off the obligations to prior lenders, are no longer considered purchase money loans that is subject to section 580b. In opposition, Plaintiff argues that section 580b applies to refinances because it furthers the legislative purpose of the

antideficiency laws. It urges the Court not to consider the California court of appeals holding in <u>Union Bank v. Wendland</u>, 54 Cal. App. 3d 393, 399 (1976) because the court ignored and failed to address whether section 580b's protections to refinanced loans would further the legislative purposes of section 580b.

Dahlgren alleges that in November 2005, he refinanced his mortgage incurring financial obligations to Defendant and paid off two prior loans issued by Oakmont Mortgage Company, Inc. (Dkt. No. ¶ 14, FAC 19; Dkt. No. 17-2, D's RJN, Exs. A-E.)

Section 580b states that it applies to "purchase money loans" used "to pay all or part of the purchase price." Cal. Civ. Proc. Code § 580b. The California Court of Appeals in <u>Wendland</u> held that when a borrower refinances a purchase money loan, he loses the protection afforded by section 580b. <u>Id.</u> at 400. That holding was overturned when California Senate Bill No. 1069 was passed in 2012 and amended section 580b to state that "no deficiency judgment shall lie in any event on any loan, refinance, or other credit transaction . . . which is used to refinance a purchase money loan, or subsequent refinances of a purchase money loan . . . ." Cal. Civ. Proc. Code § 580b(c). It further provides that these provision "shall only apply to credit transaction that are executed on or after January 1, 2013." <u>Id.</u> The legislative history acknowledged that

> [u]nder existing case law, the . . . deficiency protection is arguably lost when an individual refinances his or her mortgage. In other words refinancing may cause a loan to change from "non-recourse' - meaning the borrower is not liable for any deficiency - to a "recourse loan - meaning the borrower may be liable for a deficiency. To address that issue, this bill would preserve the above anti-deficiency protection when loans are refinanced, except to the extend the lender or creditor advanced new principal.

California Bill Analysis Senate Committee, 2011-2012 Regular Session, Senate Bill 1069: Hearing on S.1069 before the Senate Judiciary Committee (Cal. 2012).

At the time that Dahlgren refinanced in 2005, under the state of the law existing at that time, a refinance did not receive protection from the anti-deficiency laws under section 580b. Therefore, the Court concludes that Dahlgren's loan does not fall under section 580b.

### 3. Farber's Loan

Defendant argues that under section 580b, Farber must allege that he, in fact, occupied the Farber Property and an inference with reference to a "home" or "residence" is not sufficient to plead occupancy. Plaintiffs contend that the FAC properly alleges that he occupied the Farber Property.

The FAC states the following as to occupancy:

1. Farber "has requested and been approved for a home loan . . . to purchase the real property securing the loan . . . and construct a residence on the Farber Property." FAC ¶ 28.
2. "Mr. Farber used this loan in the precise manner anticipated by the parties in leveling the home previously built on the Farber Property and constructing an entirely new residence on the property." Id.
3. The debt was "secured by Mr. Farber's home." FAC ¶ 32.

Section 580b states that the dwelling must be "occupied, entirely or in part, by the purchaser." Ca. Civ. Proc. Code § 580b.

The Court concludes Plaintiff Farber has not sufficiently alleged that he occupied, entirely or in part, the Farber Property. A reference to "residence" and "home" does not result in the conclusion that the home was occupied by Farber. Accordingly, the Court GRANTS Defendant's motion to dismiss on this ground.

Since the Court concludes that the underlying allegations of section 580b violations have not been demonstrated, Plaintiffs' causes of action under RFDCPA and 17200 fail. The Court need not address Defendant's remaining arguments concerning RFDCPA and section 17200. Based on the above, the Court GRANTS Defendant's motion to dismiss the RFDCPA and Section 17200 claims.

### B. Defendant's Motion to Strike

Defendant also filed a motion to strike portions of Plaintiffs' first amended complaint in the event the court denies Defendant's motion to dismiss. Since the Court grants Defendant's motion to dismiss, the Court DENIES Defendant's motion to strike

as MOOT.

### C. Defendant's Request for Judicial Notice

Defendant requests judicial notice of recorded property records, (Dkt. No. 17-3, Exs. A-E), and a minute order in San Diego Superior Court in <u>Coker v. J.P. Morgan Chase Bank, N.A.</u>, No. 37-2011-00087958-CU-MC-CTL, minute order (San Diego Super. Ct. Mar. 2, 2012) appealed in <u>Coker v. J.P. Morgan Chase Bank, N.A.</u>, No. D061720 (4th App. Dist. Filed Mar. 28, 2012).

Plaintiffs do not object to the request as to Exhibits A-E but objects to the <u>Coker</u> minute order arguing that the order is not relevant to this case as it does not concern Plaintiffs' mortgage, deed of trust or other directly related matters. (Dkt. No. 21-1.)

A court may take judicial notice of filings in federal and state courts if they are relevant. <u>United States ex re. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992). The <u>Coker</u> concerns the issue of whether section 580b applies to short sales. Therefore, it is relevant as the same issue exists in this case. Accordingly, the Court GRANTS Defendant's request for judicial notice.

### Conclusion

Based on the above, the Court GRANTS Defendant's motion to dismiss the first amended complaint as to Plaintiff Dahlgren with prejudice and as to Plaintiff Farber without prejudice. The Court also DENIES Defendant's motion to strike as MOOT. Plaintiff Farber may file a second amended complaint within 20 days of the filing of this Order.

IT IS SO ORDERED.

DATED: June 20, 2013

HON. GONZALO P. CURIEL
United States District Judge