# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUART FARBER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>　　　　Defendant. | Case No. 2:16-cv-06417-MWF-FFM<br><br>**PROTECTIVE ORDER PURSUANT TO STIPULATION** |

　　　1.　　As used herein, "Confidential Information" shall mean information which, in the reasonable opinion of the designating person, or the designating person's counsel, constitutes, reflects or discloses confidential, competitively sensitive, proprietary and/or trade secret information of a party, and which that party wishes to maintain in confidence.  In connection with the production of documents in this action, any designating person may stamp, mark or otherwise designate any document comprising, containing or referring to Confidential Information produced or to be produced by it in connection with this litigation as "Confidential Information" or may designate the document in a writing addressed to opposing counsel at or before the time of production.  In connection with responses to interrogatories, requests for admission, expert reports or any other type of discovery response, any designating person may stamp, mark or otherwise designate any such discovery response

comprising, containing or referring to Confidential Information produced or to be produced by it in connection with this litigation as "Confidential Information" or may designate the response in a writing addressed to opposing counsel at or before the time of production.

     2.    As used herein the term "Document" shall mean and refer to all items within the scope of Federal Rule of Civil Procedure 33 and shall also include the original and all non-identical copies of any "writing", defined as handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combination thereof, and any record thereby created, regardless of the manner in which the record has been stored. As used herein, "documents" shall refer to any "writings" or "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and include, without limitation, both hard-copy information (such as conventional letters, memoranda, spreadsheets, drawings, drafts, notes, calendars and diaries) and electronically recorded information (including, but not limited to, e-mail and any information stored on computer hard drives, processing cards or tapes, memory banks, floppy disks, high capacity removable storage disks, CD-ROMS, DVDs or DATs), and any drafts or copies that differ from the original. "Documents" also include photographs, objects, archived voicemail messages, and any other forms of potential evidence. As used herein, the term "Document" is not limited to hard-copy documents. It refers to all types of materials.

     3.    In the event that Confidential Information is produced by a third party, any designating person may stamp, mark or otherwise designate any such document or information produced by such third party comprising, containing or referring to Confidential Information produced as "Confidential Information" in a writing addressed to opposing counsel within fifteen (15) days of the production of such documents or information to the objecting counsel by such third party. Except as

provided herein, the receiving counsel shall not show or discuss such information with his client or any other party until such fifteen day period has expired.

4. Except as otherwise provided by order of the Court, no document containing Confidential Information, including information contained therein, shall be furnished, shown, or disclosed to any person except: (1) attorneys of record for the parties to this action and their support staff, including paralegal and clerical personnel who are employed by such attorneys of record and who are involved in the preparation and trial of this case; (2) independent experts and consultants not employed by a party who are assisting said attorneys in preparation and/or trial; and (3) potential or actual witnesses (and their counsel) who may be called to testify at depositions or trial; (4) representatives of the Parties having responsibility for managing the defense or the prosecution of the case; and the Court and its staff.

5. As used herein, "Attorneys' Eyes Only Information" shall mean information which, in the reasonable opinion of the designating person, or the designating person's counsel, constitutes, reflects or discloses confidential, competitively sensitive, proprietary and/or trade secret information of a party, and which that party wishes to maintain in strictest confidence. In connection with the production of documents in this action, any designating person may stamp, mark or otherwise designate any document or any other discovery response comprising, containing or referring to Attorneys' Eyes Only Information produced or to be produced by it in connection with this litigation as "Attorneys' Eyes Only Information." In the event that "Attorneys' Eyes Only Information" is produced by a third party, the document or information shall be designated in accordance with provisions of paragraph 3 of this Stipulation. All expert reports and similar documentation and information produced by an expert for an opposing party shall be deemed to be "Attorneys' Eyes Only Information."

6. Except as otherwise provided by order of the Court, no document containing Attorneys' Eyes Only Information, including information contained therein,

shall be furnished, shown, or disclosed to any person except: (1) attorneys of record for the parties to this action and their support staff, including paralegal and clerical personnel who are employed by such attorneys of record and who are involved in the preparation and trial of this case; (2) independent experts and consultants not employed by a party who are assisting said attorneys in preparation and/or trial; and the Court and its staff.

7. Confidential Information and Attorneys' Eyes Only Information are hereinafter referred to collectively as "Confidential Material." The references in this Protective Order to Confidential Material shall also be deemed to include, and to apply to, copies, duplicates, extracts, and/or summaries, and to all materials and documents derived from Confidential Material. Any party to the above-captioned action may designate any document alleged to contain confidential, competitively sensitive, proprietary and/or trade secret information as Confidential Material.

8. As used herein, "designating person" shall mean the party, or third person or entity who designates documents, testimony or information as Confidential Material under this Order.

9. All documents or information produced or to be produced by any party or designated as Confidential Material by any party in connection with this litigation shall be used only for the purpose of this litigation, including trial preparation and trial, and shall not be used for any other litigation, matter, or for any other purpose.    10. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited information or documents that may be considered Confidential Material, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document shall return it upon request from the producing party. Upon receiving such a request as to

specific information or documents, the receiving party shall return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.

11. Each person to whom Confidential Material is disclosed by counsel shall be advised that the information and/or documents are being disclosed pursuant to the terms of this Stipulation and Protective Order and that they are bound by this Order, the terms of which shall be described to them. Counsel shall maintain a list of each person outside his firm to whom Confidential Material is disclosed, including the specific Confidential Material disclosed and the date of disclosure. At the close of this litigation, upon request, each party shall provide such list to the opposing parties.

12. In connection with the taking of any deposition in this action:

(a) The party who noticed or requested the deposition shall, prior to the commencement of testimony at such deposition, serve a copy of this Order upon the officer reporting the deposition. Such officer shall acknowledge service of a copy of this Order, and shall agree that he/she, his/her employees, and his/her agents shall be bound by the terms of this Order, and shall make no use or disclosure of Confidential Material unless expressly permitted by the terms of this Order, or by the express consent of all parties and any designating person who are or may become subject to the provisions of this Order. Such officer shall provide copies of the deposition transcript or deposition exhibits containing information designated as Confidential only to attorneys for the parties and, if the deposition is of a third person or entity, to that deponent or his/her attorney. Depositions at which Confidential Material is to be disclosed shall be attended only by persons authorized hereunder to have access to such material.

(b) In the event that documents or testimony designated as "Attorneys' Eyes Only Information" will be used at any deposition, if so requested by a party, all persons, other than attorneys, the court reporter and the deponent, must leave the room
///

only for that portion of the deposition in which such Attorneys' Eyes Only Information is disclosed.

(c) Counsel for any party hereto may, either during any such deposition or within twenty (20) days of receipt of the transcript, designate the deposition transcript along with the deposition exhibits, or any portion thereof, as Confidential Information or Attorneys' Eyes Only Information. If the deposition is of a third person or entity not joined herein, that third person or entity may use the same designation process set forth in this Paragraph.

(d) Notwithstanding the provisions of this paragraph 11, where counsel do not anticipate that the witness will testify about matters covered by this Protective Order, this Order does not need to be marked as an exhibit under paragraph 12(a). However, if during the deposition the witness does testify about confidential matters covered by this protective Order, the party noticing or requesting the deposition shall provide a copy of this Order upon the officer reporting the deposition. Such officer shall acknowledge service of a copy of this Order, and shall agree that he/she, his/her employees, and his/her agents shall be bound by the terms of this Order, and shall make no use or disclosure of Confidential Material unless expressly permitted by the terms of this Order, or by the express consent of all parties and any designating person who are or may become subject to the provisions of this Order. Such officer shall provide copies of the deposition transcript or deposition exhibits only to attorneys for the parties and, if the deposition is of a third person or entity, to that deponent or his/her attorney. Since depositions at which Confidential Material is to be disclosed shall be attended only by persons authorized hereunder to have access to such material, all non-authorized person be excluded from the deposition.

13. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Material, that party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the designating person timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as Confidential Information or Attorneys' Eyes Only Information before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating person's permission. The designating person shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging any party in this Action to disobey a lawful directive from another court.

14. When a party to this Order designates the testimony (including proposed testimony) of a person being deposed as Confidential Information or Attorneys' Eyes Only Information, and objection is made to such designation, such designation shall not be withheld because such objection has been made to the Confidential Information or Attorneys' Eyes Only Information designation. Such testimony shall be treated as Confidential Information or Attorneys' Eyes Only Information until a stipulation or order on motion that it should not be so treated.

15. Any part or parts of this Order may be amended at any time by court order pursuant to written stipulation of the parties hereto or by order of this Court for good cause shown.

16. If a party to this Order objects to the designation of any Confidential Material, that party shall so notify the designating party in writing of such objection, identifying the Confidential Material as to which objection is made. The designating party shall respond within ten (10) business days from receipt of such notice. If the

designating party fails to timely respond, the material subject to the objection will no longer be subject to the restrictions imposed by this order. If the designating party timely responds to the objection and the parties cannot agree with respect to the treatment to be accorded the material that has been designated as Confidential Material, the objecting party may seek a ruling from the Court with respect to the objected designation(s) within ten (10) days of the parties' inability to reach agreement. The designating party shall bear the burden of establishing that Confidential status is warranted. Pending the Court's ruling, the provisions of this Order shall remain in force.

17. A party that seeks to file under seal any Confidential Material must comply with Civil Local Rule 79-5. Confidential Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Confidential Material at issue. If a party's request to file Confidential Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

18. The execution of this Order shall not, in itself, operate as an admission against or otherwise prejudice any contention of any part on any motion provided for herein, or in any other proceeding or trial in this action, nor shall this Order be taken to constitute a waiver of any party's right to seek relief from the Court from any or all provisions of this Order.

19. This Order shall not prevent or limit any party from using Confidential Material in discovery or at trial. If any party to this lawsuit intends at trial to introduce into evidence (or otherwise place in the public record) any Confidential Material, that party will give reasonable written notice to the Stipulating Party that produced the Confidential Material of its intention to do so, so that if the Stipulating Party producing the Confidential Material objects to the intended use, said party may have a meaningful opportunity to seek relief from the trial court.

/ / /

20. The terms of this Order shall remain in full force and effect and shall not cease to be in effect because of final adjudication of this litigation. Upon resolution of this action in the trial court, all Confidential Material shall be held by counsel pending final resolution of this litigation by appeal or otherwise. Within ninety (90) days after such final resolution, all documents containing Confidential Material, including all copies, summaries, and compilations, shall be destroyed or, at the request of producing counsel, be returned. Each party responsible for such return or destruction shall certify to all other counsel of record that such destruction or return in fact took place.

21. Notwithstanding Paragraph 19 above, counsel are not required to destroy legal memoranda or opinion letters and other attorney-client privilege or work product document that may contain references to or information extracted from said documents, and all such memos and correspondence may be retained in the attorney's files. However, the confidentiality of documents and information is otherwise to be protected in accordance with the terms of this Order.

22. If documents subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to such party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party or other producing person would otherwise be entitled. If a claim of inadvertent production is made, pursuant to this Paragraph, with respect to documents then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made. The party returning such material may then move the Court for an Order compelling production of the material, but said motion shall not assert as a ground for entering such an order the facts or circumstances of the inadvertent production.

/ / /

23. Nothing contained in this Order shall preclude any party from applying to the Court for further relief or for modification of any provision hereof.

24. Nothing contained in this Order is intended to or shall be deemed or limit any party from any further use of Confidential Material (or information derived therefrom) which that party or its agent has itself produced, generated or obtained other than through discovery in this action.

25. Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action.

In the event that Confidential Material has been produced prior to the time of the entry of this Order, the parties have agreed to be bound by the terms of their Stipulation until the Court modifies such terms. Upon entry of this Order, the parties will comply with the terms of this Order.

**IT IS SO ORDERED.**

Dated:   January 5, 2017             /s/ FREDERICK F. MUMM
                                    The Honorable FREDERICK F. MUMM
                                    United States Magistrate Judge